## LOUISVILLE & NASHVILLE RAILROAD CO v. CHAPMAN.

The verdict in this case was not supported by the evidence, and the refusal of a new trial was error.

Argued June 19,—Decided October 14, 1908.

Action for damages. Before Judge Fite. Gordon superior court. December 9, 1907.

*Tye, Peeples, Bryan & Jordan, D. W. Blair,* and *F. A. Cantrell,* for plaintiff in error. *R. J. & J. McCamy,* contra.

LUMPKIN, J. Chapman brought suit against the Louisville & Nashville Railroad Company and the Atlanta, Knoxville & Northern Railway Company, for damages arising to his land from the construction of the railroad of the latter company. Pending the trial, the plaintiff dismissed the case against the Atlanta, Knoxville & Northern Railway Company, proceeding only against the other defendant. The jury found a verdict for $175. A motion was made for a new trial, which was overruled, and the defendant excepted. The evidence showed that the Atlanta, Knoxville & Northern Railway Company entered into a contract with Wright, Williams & Wadley, to construct a portion of the road, including that part involved in the controversy; and that the work at that place was done by a subcontractor under them. While one of the witnesses spoke of it as the "construction of the Louisville & Nash-

ville Railroad," this was probably an inadvertence, as the entire evidence showed without conflict that it was a portion of the Atlanta, Knoxville & Northern Railway which was being built. No connection was shown between the Louisville & Nashville Railroad Company and the other company; nor did the evidence in any way connect the defendant against whom the verdict was rendered with the work, except that a witness stated that "Mr. Thomas was there as resident engineer of the Louisville & Nashville Railroad, and afterwards Mr. Gough. I don't think there was any work done on Mr. Chapman's place while Mr. Thomas was there. Mr. Gough was in charge of it at that time. I was well acquainted with him." Also, that "They started according to directions; it was done according to instructions as long as I stayed there, but I was prohibited to finish it by the written notice; my instructions were to finish it just as they had told me." Again he said, "I was there in the construction of that road for the contractor, who was constructing the same for the railroad company. . . The original contractors were Wright, Williams & Wadley." Another witness said that "Mr. Crow or Wright, Williams & Wadley were instructed to cut that ditch." He also said that "some one in the chief engineer's office made that blue print. I made the original survey, and the blue print was made from that." There were also one or two other stray references to the contractors doing work as ordered. But there was nothing whatever which would authorize a finding that the Louisville & Nashville Railroad Company made the contracts with the contractors, caused the work to be done, had control of it, or gave direction as to it. So far as the record discloses, a different railroad company was constructing its road through the medium of contractors. The contract provided for certain supervision and direction by the engineer of that road. The mere casual reference, on the part of a witness, to one of the engineers as a "resident engineer of the Louisville & Nashville road" did not authorize the verdict found against that company. There was not sufficient evidence to support the verdict, and a new trial should have been granted. This being so, it is unnecessary to discuss the effect of the contract between the Atlanta, Knoxville & Northern Railway Company and the contractors for the construction of that portion of the road, or to consider whether there was or not

any liability on the part of the last named company, which was dismissed from the suit.

*Judgment reversed. All the Justices concur.*