## HERON v SPITZER-RORICK TRUST & SAVINGS BANK et

Ohio Appeals, 6th Dist, Lucas Co

No 2985.  Decided Dec 10, 1934

Doyle & Lewis, Toledo, Robert Newbegin, Toledo, and Harold A. Jones, Toledo, for plaintiff in error.

Fraser, Hiett, Wall & Effler, Toledo, and Holloway, Peppers & Romanoff, Toledo, for defendants in error.

KLINGER, J, (3rd Dist) sitting in place of RICHARDS, J.

## OPINION

By KLINGER, J.

Plaintiff filed a bill of exceptions and prosecutes error to this court, and this bill of exceptions recites "the above and foregoing, together with the exhibits attached hereto and made a part of this bill of exceptions, was a part of the evidence offered by the plaintiff in the above entitled cause." This clearly shows that the bill of exceptions does not contain all of the evidence. There are circumstances under which a reviewing court would be justified in proceeding to affirm or reverse the action of a trial court without a complete bill of exceptions. As an illustration, if it should appear by the testimony offered that the will did not have any witnesses, then a reviewing court would be justified in reversing upon this showing alone without any other evidence. But, unless there is some fatal error of this kind or character, the appellate court can not reverse a judgment of the Court of Common Pleas for error in directing a verdict unless it affirmatively appears from the bill of exceptions that the bill contains all of the evidence offered in the trial court.

2 Ohio Juris., 453;

Cleveland Ry. Co. v Zukucs, 121 Oh St, 448;

Turner v Pope Motor Co., 9 C.C., N.S., 65.

In the opinion of this court, the law as laid down in these decisions governs in the case at bar.

The next exception taken by plaintiff in error was that the will made provision in case Theresa Heron, Mary Heron and John Heron (all three of them) died prior to the death of Thomas Heron, Jr., then the property that was devised to these respectively should go to the heirs of Thomas Heron, Jr. In the opinion of this court the gift herein conveyed in no way violates the rule against perpetuities. All the parties were living at the time of the death of Edward Heron and the limitation that they should not receive the legacies before arriving at the age of 25 is certainly not violating the rule against perpetuities.

The next error complained of was the refusal of the court to construe the will. We concede there is authority to be found in 4 Corpus Juris, 176; 2 Page on Wills, §1403 and Harper v Harper, 62 SE, 583, However, this is rather an unusual form of procedure and in the opinion of this court, if all the parties in interest are before the court and all concur in asking the court for a construction of the will, the court could do so. However, if the court sees fit not to do so, in the opinion of this court it would not be error to refuse to make a finding and construction of the will in a proceeding to set aside the will.

Especially do we hold, under §10504-57, GC, that the action for construction of the will can not be maintained until the provisions stipulated in this section are first complied with. Snyder v Heffner, 33 Oh Ap, 379.

Finding and judgment of the Court of Common Pleas affirmed, at costs of plaintiff in error.

Judgment affirmed.

OVERMYER, J, concurs.
LLOYD, J, concurs in judgment.